IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD GRANDE,** )<br>　　　　Petitioner, ) | **C.A. No. 06-190 Erie** |
| ) | |
| v. ) | |
| ) | **District Judge McLaughlin** |
| **GEORGE W. PATRICK, et al.,** ) | **Magistrate Judge Baxter** |
| 　　　　Respondents. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.　　RECOMMENDATION**

It is respectfully recommended that the instant Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

**II.　　REPORT**

Petitioner Richard Grande is a state prisoner incarcerated at the State Correctional Institution at Houtzdale, Pennsylvania ("SCI-Houtzdale").  Currently pending before this Court is his Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. [Document # 6]. Respondents have filed their Response to the petition [Document # 14], and have also filed in hard-copy form the relevant transcripts and a copy of the original state court record.  A printout of the state criminal docket is located at Exhibit 1 of the state court record, and the documents indexed on that docket are located at Exhibit 2 through Exhibit 42.  All "Exhibit" citations are to those documents.

**　　A.　　Relevant Factual and Procedural History**

On November 5, 1997, Petitioner appeared before the Honorable Ernest J. DiSantis, Jr., of the Court of Common Pleas of Erie County, Pennsylvania, with his attorney, Anthony Logue, Esq. He entered a guilty plea to charges of rape, involuntary deviate sexual intercourse, aggravated indecent assault, and other related sex offenses in connection with his ongoing molestation of his

1

fourteen-year-old stepdaughter.  On March 5, 1998, the Honorable Fred P. Anthony sentenced Petitioner to an aggregate term of fifteen to thirty years imprisonment.

Petitioner, through Attorney Logue, filed a motion to modify his sentence, claiming that the sentence imposed was excessive. [Exhibit 13].  Judge Anthony denied the motion on the merits [Exhibit 15], and Petitioner appealed to the Superior Court of Pennsylvania through his newly-appointed counsel, Assistant Public Defender Joseph P. Burt, Esq. [Exhibit 16].

On April 9, 1999, the Superior Court issued a Memorandum Order affirming Petitioner's judgement of sentence. [Exhibit 18].  Petitioner did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.  Accordingly, his judgment of sentence became final on May 10, 1999, the date on which the thirty-day period to file a petition for allowance of appeal expired.  (See Exhibit 41 at 3 (citing 42 Pa.C.S. § 6545(b)(3); Pa.R.A.P. 1113); see also Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000).

Fifteen months later, on August 10, 2000, Petitioner filed a *pro se* motion styled as a motion for *nunc pro tunc* relief.  (Exhibit 19).  He argued therein that Attorney Logue improperly induced him into entering invalid pleas; that counsel failed to fully inform him of the elements of the crimes; and, that counsel did not inform him that the charges could be aggregated for purposes of sentencing.  In accordance with Pennsylvania law, Judge Anthony treated the motion as one seeking collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA.CONS.STAT. § 9541 *et seq*.  (Exhibit 20).  Judge Anthony appointed William J. Hathaway, Esquire, to represent Petitioner.  (Id.)  Attorney Hathaway subsequently filed a motion to withdraw and a "no-merit" letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988).[1]  He explained therein that Petitioner's PCRA motion was untimely because it was filed outside the PCRA's one-year statute of limitations.  In addition, he explained that, in his professional judgment, Petitioner's request for post-conviction relief was frivolous and did not contain any substantive issues of merit.

---

[1] Attorney Hathaway's letter, dated August 30, 2000, is contained in the state court record in a group of documents that are not indexed and not given an "Exhibit" designation.

On October 2, 2000, Judge Anthony granted Attorney Hathaway's motion to withdraw and denied Petitioner's PCRA motion on the grounds identified in the "no-merit" letter. [Exhibits 21 & 23]. Petitioner, proceeding *pro se*, appealed to the Superior Court of Pennsylvania. [Exhibit 25]. On May 2, 2001, the Superior Court dismissed the appeal for failure to file a brief. [Exhibit 26].

On June 24, 2004, Petitioner filed a *pro se* motion that he styled as a petition for writ of habeas corpus. [Exhibit 30]. As required by Pennsylvania law, Judge Anthony treated this motion as a second PCRA motion. [Exhibit 33]. Petitioner raised three issues: (I) Attorney Logue unlawfully pressured him to enter a guilty plea; (ii) his sentence is illegal because Attorney Logue unlawfully induced him to enter a guilty plea by promising that he would receive a certain sentence; and (iii) the Court of Common Pleas improperly denied him transcripts such that he was unable to obtain meaningful appellate review. (Exhibit 33 at pp. 1-2).

On June 30, 2004, Judge Anthony denied Petitioner's second motion because it was filed outside the PCRA's one-year statute of limitations. (Id. at p. 3). The Superior Court affirmed on January 24, 2005. [Exhibit 41]. On October 11, 2005, the Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal. [Exhibit 42].

Petitioner began proceedings in this Court, at the very earliest, on August 16, 2006, the date he signed the Petition for Writ of Habeas Corpus. [Document # 6]. In the petition, he contends that he was improperly coerced into pleading guilty, that he was denied effective assistance of counsel, that he was denied his right to a jury trial, that he was denied access to courts, and that his sentence is illegal.

### B. Time Period for Filing Federal Habeas Corpus Petitions

In their Answer, Respondents contend that Petitioner's habeas petition must be dismissed because it is untimely under the statute of limitations set forth in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(d). AEDPA requires, with a few exceptions not applicable here, that a state prisoner seeking federal habeas corpus relief file a petition in federal district court within one year after his state judgment becomes

final.[2]  28 U.S.C. § 2244(d)(1)(A).

As noted above, Petitioner's judgment of sentence became final on May 10, 1999. Therefore, the one-year period for filing his federal habeas corpus petition expired on May 10, 2000.  His August 2006 federal habeas petition is, thus, untimely unless the Petitioner can establish either that he is entitled to statutory tolling, as provided by 28 U.S.C. § 2244(d)(2), or that equitable tolling should be applied to the facts presented.

### 1.    Statutory Tolling

AEDPA provides that *"properly filed"* applications for state post-conviction relief *that are pending during its limitations period* will statutorily toll the limitations period.  28 U.S.C. § 2244(d)(2).  The record in this case demonstrates that there were no PCRA motions pending between May 10, 1999, and May 10, 2000, that served to statutorily toll AEDPA's limitations period.  Petitioner's first PCRA motion was not filed until August 2000, three months after AEDPA's limitation period had expired.  His second PCRA motion was not filed until June 24, 2004, more than four years after AEDPA's limitation period expired.  Thus, neither PCRA motion statutorily tolled the limitations period.  Moreover, because each PCRA motion was untimely filed under state law, neither motion qualified as a "properly filed" application for state post-conviction relief under 28 U.S.C. § 2244(d)(2) and, thus, did not toll the AEDPA statute of limitations.  Pace v. DiGuglielmo, 544 U.S. 408, 413-17 (2005); Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003).

---

[2]  Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period.  In this regard, Petitioner's petition for habeas corpus does not indicate that he suffered any impediment to filing his federal petition.  28 U.S.C. § 2244(d)(1)(B).  Nor has he asserted that his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review.  Id. at § 2244(d)(1)(C).  In addition, he has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence.  Id. § 2244(d)(1)(D).

**2.     Equitable Tolling**

"Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair." Miller v. New Jersey State Dept. of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted).  The Court of Appeals has cautioned that "courts should be sparing in their use of this doctrine, applying equitable tolling only in the rare situation where it is demanded by sound legal principles as well as the interests of justice."  Lacava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005) (internal quotations, citations, and bracketed text omitted).

A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) he has exercised reasonable diligence in attempting to investigate and bring his claims, and (2) he was in some extraordinary way prevented from bringing his claims.  Lacava, 398 F.3d at 276-78; Pace, 544 U.S. at 418.  Petitioner has not established either element in this case.  He has not shown that he exercised reasonable diligence in bringing the claims at issue in the instant petition, nor has he shown that he was prevented by extraordinary circumstances from bringing those claims in a timely manner.

Petitioner alleges that Judge Anthony refused to grant his requests for transcripts, and that as a result, he was denied access to the courts.  This allegation does not entitle him to equitable tolling.  (See Document # 6 at p. 9). In affirming the denial of Petitioner's second PCRA motion, the Superior Court expressly held that Judge Anthony did not err in denying his requests for transcripts and that, in addition, he was not prejudiced by the court's decision:

> [Petitioner] filed motions for the production of transcripts or records on January 29, 2002, and June 26, 2002.  The court responded to the first motion by order entered January 31, 2002, which denied the motion on the basis that [Petitioner] had no action currently pending before this court.  The court responded to the second motion by order entered June 23, 2002. Therein, the court denied the motion on the basis that the motion's request for an order compelling the clerk of courts to produce the record was unnecessary because [Petitioner] had offered to pay the costs of production in the motion.  We note that, at the time of the second motion, [Petitioner] still had no matter pending before the court.
>
> The refusal of the lower court to act on [Petitioner's] motions for production of his transcripts or records does not amount to governmental interference of any sort.  As to the first motion, the only action that the court could properly have taken would have been to deny the petition because there was no action

> currently pending before the court. As to the second motion, the court was also correct that no order was necessary because [Petitioner] stated that he would pay for the production of the record. Furthermore, even in the absence of his offer to pay, the court had no obligation to order production of the record.
>
> Moreover, and most importantly, we note that, at the time [Petitioner] made each request for his transcripts or record, it was already too late to file a timely PCRA petition. Thus, the court's actions, even if incorrect, did not serve to delay the timely filing of [Petitioner's] claims and could not qualify as governmental inference under the time filing exceptions of the PCRA.

(Exhibit 41 at pp. 4-5)(internal citations omitted). The Superior Court's decision establishes that Petitioner's allegation that he was denied access to the courts has no merit and does not support the application of equitable tolling.

Petitioner also contends that he was never informed by the state court that he had a right to appeal his guilty plea. (Document # 6 at p. 14). The record belies this contention. At Petitioner's March 5, 1998 sentencing, James K. Vogel, Esq., appearing on behalf of the Commonwealth, expressly informed Petitioner that he had a right to file a post-sentence motion challenging the validity of his plea, and Petitioner stated that he understood his post-sentencing rights. (3/5/1998 Tr. at pp. 2-3). On that same date, he signed a document entitled "Defendant's Acknowledgment of Post-Sentencing Rights," which also explained that he had the right to file a post-sentence motion challenging the validity of his guilty plea. [Exhibit 9].

In conclusion, because the claims Petitioner raises in his petition for writ of habeas corpus are untimely, and neither statutory tolling nor equitable tolling save the claims from this defect, his claims for habeas corpus relief should be dismissed with prejudice.

### C.   Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." In <u>Slack v. McDaniel</u>, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without

reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Applying this standard here, jurists of reason would not find it debatable whether the Petition for Writ of Habeas Corpus commenced by Petitioner was filed within the one-year limitation period which is provided for under AEDPA.  Accordingly, a certificate of appealability should be denied.

### III.     CONCLUSION

For the foregoing reasons, it is respectfully recommended that the instant petition for writ of habeas corpus be denied and that a certificate of appealability be denied.

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.  See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: September 26, 2007

cc:     The Honorable Sean J. McLaughlin
        United States District Judge