IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD GRANDE,                    )
                                   )
       Petitioner,                 )     Case No. 1:06-cv-190-SJM-SPB
  v.                               )
                                   )
GEORGE W. PATRICK, *et al.,*       )
                                   )
       Respondents.                )

**MEMORANDUM ORDER**

Petitioner Richard Grande, an inmate at SCI Houtzdale, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges the validity of his guilty plea and the legality of the sentence imposed upon him by the Erie County Court of Common Pleas on March 5, 1998. On September 26, 2007, Magistrate Judge Susan Paradise Baxter recommended that Grande's petition be dismissed as untimely. This Court adopted the Report and Recommendation [16] by Memorandum Order dated November 20, 2007 [19], and dismissed the case. On February 26, 2008, the U.S. Court of Appeals for the Third Circuit denied Grande's request for a certificate of appealability finding that, "[f]or essentially the reasons set forth in the Magistrate Judge's Report and Recommendation, ... jurists of reason would not debate the correctness of the District Court's decision to deny Grande's § 2254 petition as barred by the one-year period of limitation prescribed in 28 U.S.C. § 2244(d)." *See Grande v. Patrick*, C.A. No. 07-4647 (3d Cir.) (Order of Feb. 26, 2008, docketed in this case as Doc. No. [24]).

On May 21, 2010, Grande filed the pending "Motion for Relief Under Rule 60(b) [25]," in which he requests that this Court set aside its November 20, 2007 Memorandum Order denying his petition and closing the case. The stated basis for this motion is "newly discovered evidence which proves that the State committed fraud upon the Federal District Court, and thereby undermined the validity of that Court's ruling." (Mot. for Relief Under Rule 60(b) [25] at p. 1.) Grande's theory appears to be that the Magistrate Judge -- in rendering her Report and Recommendation, and this Court – in adopting it, relied on "phony transcripts" of his plea colloquy and that the real transcripts were withheld from Grande under the guise of being non-existent.

Motions under Rule 60(b) must be made "within a reasonable time" and, when premised on grounds of fraud pursuant to Rule 60(b)(3), they must be made no more than one year after the entry of judgment in question. Fed. R. Civ. P. 60(c)(1). As an initial matter, then, Grande's motion appears to be untimely.

More fundamentally, however, Grande is confused about the facts of his case and his theory of fraud is therefore misguided. The transcripts of the state court record that were submitted in connection with this case show that Grande appeared before the Honorable Fred P. Anthony, Erie County Court of Common Pleas, on November 4, 1997 for a scheduled change of plea. On that date, he was advised of his rights and the consequences of a guilty plea, but chose not to go through with the change of plea at that time. (*See Commonwealth v.* Grande, Case No. 1420 of 1997 (Erie County C.C.P.) (N.T., Plea Hearing 11/4/97).) Accordingly, because no plea actually occurred on November 4, 1997, the official court docket maintained by the Clerk of Court for the Court of Common Pleas does not reflect any court appearance by Grande on that date.

Grande did appear the following day, November 5, 1997, which was the last day on which he could have entered a guilty plea in accordance with a plea bargain. On that date, Grande entered a plea of guilty to numerous charges in relation to the sexual molestation of his step-daughter, and the remaining criminal charges were nolle prossed by the Commonwealth. (*See Commonwealth v. Grande*, N.T., Plea Hearing 11/5/97.) Although Grande had been advised of his rights the previous day in connection with the aborted change of plea, he was advised of those rights once again during the change of plea colloquy that was held on November 5. Also, because Judge Anthony was out of town on November 5, 1997, the change of plea was accepted by the Honorable Ernest J. DiSantis, Jr., who had agreed to handle the matter for Judge Anthony. Grande was subsequently sentenced by Judge Anthony on March 5, 1998. (*See Commonwealth v. Grande*, N.T., Sentencing Hearing 3/5/98.)

Grande appears to be confused by the fact that the official county court docket reflects his court appearance only for November 5, 1997 and not for November 4. The reason for this, as I have stated, is that Grande did not actually consummate the change of plea on November 4. Because nothing of any legal consequence occurred on November 4, 1997, the docket did not contain any entries for that date. Consequently, when Grande inquired, years later, about transcripts of his November 4, 1997 court appearance, he was advised both by Judge Anthony and by the court reporter that there was no record of his having been in court on that date. Contrary to what Grande may believe, this is not the result of a fraudulent act having been perpetrated by the Commonwealth; rather, it is consistent with the fact that no action of any legal consequence occurred on November 4, 1997. The full transcript from November 4,

1997 shows that Grande initially appeared on that date and was advised of his rights, but opted not to go through with the plea.  Because this sort of activity is not normally noted on the state court docket, it is unsurprising that the judge and the court reporter would assume at some later point that no court appearance had occurred on that day.  Moreover, contrary to Grande's theory of the case, there is no evidence to suggest that his guilty plea actually occurred on November 4, 1997; rather the transcripts show unequivocally that Grande opted to withhold his change of plea until November 5, 1997.  Nor is there any evidence to indicate (as Grande apparently believes) that Judge DiSantis presided over his case on November 4, 1997.  On the contrary, the county court record unambiguously establishes that Judge Anthony was in court on November 4 and, anticipating that he would be out of town the following day, arranged for Judge DiSantis to handle Grande's change of plea on November 5, 1997.

Finally, Grande could not have been misled or prejudiced by his inability to secure the transcripts of the November 4, 1997 plea hearing on a more expedited basis. Those transcripts indicate only that Grande was advised on that date of the rights that would be affected by his contemplated change of plea and that, because he was having doubts about pleading guilty, no change of plea occurred on that date.  Such evidence is of little help to Grande, because the transcript of his November 5, 1997 change of plea hearing demonstrates unequivocally:  (i) that Grande was (again) advised of his right to a jury trial, (ii) that he knowingly and willingly waived that right by entering a guilty plea on that date, and (iii) that he was advised of the possibility that he might receive consecutive sentences.

Finally, the documentation which Grande has submitted in support of his fraud claim is of no legal moment because his time for filing a federal habeas petition (or a PCRA motion which could have tolled the federal habeas statute of limitations) expired in May of 2000. The evidence which Grande has submitted in support of his pending Rule 60(b) motion shows only that he made attempts, unsuccessfully, in 2004 and 2005 to obtain transcripts of the November 4, 1997 proceedings. Under these circumstances, Grande has not demonstrated any basis for amending this Court's ruling that his federal habeas petition was untimely.

Accordingly, there is no merit to Grande's claim that this Court relied, to his detriment, on erroneous or fraudulent transcripts in relation to its November 20, 2007 ruling. For these reasons, the following order is entered:

AND NOW, *to wit*, this 5th day of January, 2011, having considered the Petitioner's Motion for Relief Under Rule 60(b) [25],

IT IS ORDERED, based upon the foregoing reasons, that said motion be, and hereby is, DENIED.

    s/    <u>Sean J. McLaughlin</u>

        Sean J. McLaughlin
        United States District Judge

cc:    All parties of record.
       U.S. Magistrate Judge Baxter